UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON RYAN McDERMOTT,<br><br>                 Petitioner,<br><br>v.<br><br>WARDEN TAMIKA CARLIN,<br><br>                 Respondent. | Case No. 3:15-cv-00425-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner Jason Ryan McDermott's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations and that the claims in the Petition are procedurally defaulted or noncognizable. (Dkt. 11.) The Motion is now ripe for adjudication.

      Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Accordingly, the Court enters the following Order granting the Motion and dismissing all the claims in the Petition as untimely.[1]

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. McDermott*, Docket No. 32071, Op. 518 (Idaho Ct. App. July 2, 2009) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner was convicted by a jury in the Fourth Judicial District in Ada County, Idaho, of first-degree murder and conspiracy to commit first-degree murder, as well as a firearm enhancement. (State's Lodging B-4 at 1.) After the jury was unable to reach a unanimous verdict with respect to the aggravating factors necessary to render Petitioner eligible to receive the death penalty, the trial court sentenced Petitioner to two concurrent terms of life imprisonment without the possibility of parole for the murder and the conspiracy convictions, as well as an additional sentence of 10 years for the firearm enhancement. (*Id*. at 3.)

Petitioner appealed, arguing that his sentences were excessive and constituted an abuse of discretion. (State's Lodging B-1.) The Idaho Court of Appeals affirmed. State's Lodging B-4.) The Idaho Supreme Court denied review on August 24, 2009. (State's Lodging B-7.)

---

[1] The Court does not address Respondent's argument that the claims in the Petition are procedurally defaulted or noncognizable.

**MEMORANDUM DECISION AND ORDER - 2**

On March 24, 2010—at the earliest[2]—Petitioner filed a petition for state postconviction relief. (State's Lodging C-1 at 4-9.) The state district court dismissed the petition. (State's Lodging C-1 at 394.) The Idaho Court of Appeals affirmed. (State's Lodging D-14.) The Idaho Supreme Court denied review and issued the remittitur on June 22, 2012. (State's Lodging D-17.)

On December 21, 2012, Petitioner filed a successive petition for postconviction relief in the state district court. (State's Lodging E-1 at 4-71.) The trial court dismissed the successive petition on several different grounds—Petitioner's claims were determined to be (1) meritless, (2) barred pursuant to Idaho Code § 19-4908, Idaho's successive petitions bar, (3) barred because they should have been raised on direct appeal, (4) barred on the grounds of res judicata, or (5) barred as untimely. (*Id*. at 139-52.) The Idaho Court of Appeals affirmed the dismissal of all claims relevant to these proceedings as untimely.[3] (State's Lodging F-8 at 3-5.) The Idaho Supreme Court denied review on August 12, 2015. (State's Lodging F-11.)

---

[2] Like the federal courts, Idaho courts follow the "mailbox rule" and deem a pro se inmate's postconviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996). *See also Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding, under federal law, that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.
   In Petitioner's case, there was a substantial delay between March 24, 2010, the date that Petitioner stated he mailed the postconviction petition, and May 5, 2010, the date that the Ada County Court received the petition. (State's Lodging C-1 at 4, 9.) However, for purposes of this decision the Court will use the earliest possible date—March 24, 2010.

[3] The state court of appeals held that all of Petitioner's claims, except one, were untimely. The exception was Petitioner's claim of error in the resolution of the appeal from the denial of Petitioner's initial postconviction petition. The court held that this claim was barred by the doctrine of res judicata. Petitioner does not raise this claim in his federal Petition.

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner filed his Petition in this Court, at the earliest, on September 8, 2015. (Dkt. 3 at 19.)

## DISCUSSION

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

| | |
|---|---|
| Claim 1: | That Petitioner's Fourth Amendment rights were violated when police officers exceeded the scope of a search warrant. |
| Claim 2: | That Petitioner's Fifth Amendment right to be free from compelled self-incrimination was violated when (a) detectives "attempted to coerce statements" from Petitioner; (b) the prosecutor "attacked allocution"; and (c) the trial judge "used [the] right not to testify or self-incriminate as means for dealing out such [a] harsh sentence." |
| Claim 3: | That Petitioner's rights were violated when (a) the prosecutor threatened several witnesses to discourage them from testifying on Petitioner's behalf; and (b) Petitioner's counsel rendered ineffective assistance by failing to present evidence of Petitioner's traumatic brain injury. |
| Claim 4: | That Petitioner's rights under the Eighth Amendment were violated when (a) he was not allowed bail; and (b) he was given an illegal sentence. |
| Claim 5: | That Petitioner's due process rights were violated when (a) the prosecutor "'leaked' false and/or misrepresented info to the media"; (b) detectives interfered with Petitioner's right to legal counsel "once detectives and State became aware of [his] disability"; and (c) the prosecutor failed to disclose exculpatory |

**MEMORANDUM DECISION AND ORDER - 4**

|          | |
|----------|---|
|          | evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[4] |
| Claim 6: | That Petitioner's due process rights were violated when (a) the prosecutor "colluded with the victim's mother" and Petitioner's co-defendant's mother "in a secret meeting held in the judge's chambers"; (b) a witnesses committed perjury at Petitioner's preliminary hearing; (c) the "judge allowed perjury" by Petitioner's co-defendant; (d) the "court allowed for unlawful use of unsubstantiated prior acts of . . . criminal history"; (e) the "court allowed for the testimony of state's witnesses, who provided false statements at trial"; (f) the judge gave conflicting, confusing, and misleading jury instructions; (g) the prosecutor "attacked" the testimony of an expert witness "until [the] prosecutor received [the] version he wanted"; (h) Petitioner was not allowed a competency hearing; (*i*) unsubstantiated information "was used during [the] guilt phase"; and (j) Petitioner was not allowed a change of venue. |
| Claim 7: | That Petitioner's rights to due process and equal protection were violated when (a) the detectives, prosecutor, and judge "exhibited misconduct and extrajudicial purpose"; (b) the trial judge exhibited "blatant prejudice and bias"; (c) the court allowed a lay witness to express an expert opinion; (d) the court waited to impose a sentence until after the trial of Petitioner's co-defendant; and (e) the court "abandoned its role as a neutral and detached magistrate by providing a malicious judgment." |
| Claim 8: | That Petitioner's rights to due process and equal protection were violated when (a) the prosecutor misled the jury; (b) the prosecutor "unlawfully attacked [Petitioner's] allocution"; (c) the court imposed an illegal sentence when compared with the |

---

[4] The Court will grant Petitioner's request to "extend[]" Claim 5 to include "both a newly discovered evidence claim and . . . a direct violation of his fundamental due process rights." (Dkt. 13 at 2.)

**MEMORANDUM DECISION AND ORDER - 5**

|  | |
|---|---|
| | sentence of Petitioner's co-defendant; (d) "no challenge was made to the false statements of multiple witnesses"; (e) Petitioner's trial counsel did not produce appropriate witnesses; (f) trial counsel did not challenge the "lack of plausible forensic evidence"; (g) trial counsel did not allow Petitioner to view the jury questionnaire; (h) trial counsel failed to challenge "conflicting, misleading, and misrepresented jury instructions"; (*i*) trial counsel failed to notice a time discrepancy between when Petitioner was arrested and when Petitioner was interviewed"; (j) trial counsel failed to challenge "potential juror taint"; (k) direct appeal counsel failed to appropriately pursue "available avenues of challenge"; and (*l*) direct appeal counsel failed "to adequately challenge their point of concession" regarding the trial judge's alleged bias. |
| Claim 9: | That Petitioner's rights to due process and equal protection were violated because (a) his conviction for conspiracy was based on "unlawful, illegally obtained, and inadmissible evidence"; (b) Petitioner's trial counsel, the prosecutor, and the trial judge "allow[ed] the grave injustice . . . when the conspiracy conviction was not challenged, nor dismissed" upon the acquittal of Petitioner's co-conspirator. |

(Pet., Dkt. 3, at 6-18; Initial Review Order, Dkt. 7, at 2-4.)

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees. Because Petitioner (1) is entitled to statutory tolling of only part of the statute of limitations period, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

**1.     Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

MEMORANDUM DECISION AND ORDER - 6

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[5] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[6] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually means 366 days, for example, from January 1, 2001, to January 1, 2002. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final).

---

[5] The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.)

[6] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 7**

Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| Action Taken | Finality Occurs |
| --- | --- |
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529

**MEMORANDUM DECISION AND ORDER - 8**

(2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001). That is, finality occurs on the date of the final order terminating direct review. In Idaho, the final order terminating a direct appeal is either (1) the Idaho Supreme Court's decision in a direct appeal, or (2) in cases where the Idaho Court of Appeals decides the direct appeal and the Idaho Supreme Court declines to review that decision, the Idaho Supreme Court's denial of a petition for review from the decision of the court of appeals.[7]

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003,

---

[7] In Idaho, all appeals from district courts initially go to the Idaho Supreme Court. That court then assigns certain cases to the Idaho Court of Appeals, which is required to decide all such assigned cases. *See* Idaho App. R. 108. Generally, cases that are assigned to the court of appeals are those "involv[ing] existing legal principles" as opposed to cases of first impression. *Id*. Once the Idaho Court of Appeals decides an assigned case, then the losing party may file a petition for review with the Idaho Supreme Court, which then determines whether to review the decision of the Idaho Court of Appeals. Idaho App. R. 118.

**MEMORANDUM DECISION AND ORDER - 9**

1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Further, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Additionally, any postconviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

**MEMORANDUM DECISION AND ORDER - 10**

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

2.  **The Petition Is Barred by the Statute of Limitations**

    A.  *Petitioner's Convictions Became Final on November 22, 2009*

Because Petitioner did not file a petition for certiorari when litigating his direct appeal, Petitioner's conviction became final on November 22, 2009, 90 days after the Idaho Supreme Court denied the petition for review of the decision of the Idaho Court of Appeals. *See* U.S.S.Ct. Rule 13. Absent tolling, the statute of limitations period would have expired one year later, on November 22, 2010. Petitioner filed his Petition in this Court on September 8, 2015. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

**MEMORANDUM DECISION AND ORDER - 11**

B.  *Statutory Tolling*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his initial state postconviction petition on March 24, 2010.

Therefore, 122 days of the limitations period had already passed between the date Petitioner's conviction became final (November 22, 2009) and the date Petitioner filed his initial postconviction petition (March 24, 2010). Petitioner thus had 244 days remaining (366 days minus 122 days) when his postconviction proceedings concluded—that is, when the Idaho Supreme Court issued the remittitur in the postconviction case.[8] That remittitur was issued on June 22, 2012. The statute of limitation began to run again on that date.

Therefore, Petitioner's federal Petition was due in this Court on or before February 21, 2013 (244 days after June 22, 2012). Although Petitioner filed a successive postconviction petition in state court, that petition was not "properly filed," because the Idaho Court of Appeals determined that the successive petition was untimely under state law. (State's Lodging F-8 at 3-5.) Thus, Petitioner's successive state postconviction petition cannot serve to toll statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 414.

---

[8] To determine the date when Petitioner's state court postconviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 249 F.3d 1188 (9th Cir. 2001), *superseded by* Cal. Rule of Court 29.4(b)(2)(C)); *see also Lawrence v. Florida*, 549 U.S. 327, 331 (2007)). In Idaho, decisions of the Idaho Supreme Court are final when the remittitur is issued. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001).

**MEMORANDUM DECISION AND ORDER - 12**

Even with statutory tolling during Petitioner's initial postconviction proceedings, Petitioner's September 8, 2015 federal petition was still filed over two and one-half years too late. Therefore, Petitioner's claims can be deemed timely only if he is entitled to equitable tolling.

C. *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner asserts that he is not an attorney and is not college-educated. He claims that the "rules for the statute of limitations [are] very confusing" and that he believed he had one year from *each* state court filing to file a federal petition. (Dkt. 14 at 2.) Petitioner may be correct that AEDPA's statute of limitations is difficult for a layperson to understand. However, Petitioner is not unique in

MEMORANDUM DECISION AND ORDER - 13

that respect—nearly all pro se prisoners must deal with the same issue. Thus, Petitioner's education level is not an extraordinary circumstance that calls for the application of equitable tolling.

Petitioner also asserts he has a traumatic brain injury that affects his organizational skills and "his ability to keep proper track of time." (*Id*. at 5.) However, Petitioner's filings in this case have been clear and understandable and he has been able to protect his interests in this litigation. In addition, Petitioner's argument that he believed he had one year after each state post-conviction action in which to file his federal petition shows not that his organizational skills caused his late filing, but his misunderstanding of the law.

Further, the Court cannot conclude that any of the circumstances of which Petitioner complains "made it *impossible* to file a petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). The Petition was not simply late—it was two and one-half years too late. Petitioner has not met his burden of establishing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition at some point during that extremely long period of time.

### D. *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

To take advantage of the actual innocence gateway exception to the statute of limitations, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated another way, a petitioner must show that *every* reasonable juror would vote to acquit.

**MEMORANDUM DECISION AND ORDER - 14**

This is an extremely stringent standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not met this exceptionally strict standard. Indeed, he has not submitted any convincing evidence of innocence at all. Contrary to Plaintiff's contention, the lack of Petitioner's fingerprints or DNA at the crime scene does *not* establish that he was not there—the absence of evidence is not the presence of proof. The *Schlup* actual-innocence exception does not apply to excuse Petitioner's failure to file his Petition on time.

**MEMORANDUM DECISION AND ORDER - 15**

## CONCLUSION

For the foregoing reasons, the Court concludes that the Petition is untimely. Therefore, the Court will dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Leave to File Amendment to Habeas Corpus Petition (Dkt. 13), which asks the Court to "extend[]" Claim 5, is GRANTED to the extent set forth above.

2. Petitioner's Motion for Leave to Seek Equitable Tolling (Dkt. 14) is DENIED.

3. Petitioner's Motion and Notice of Nil-Dicit Default Judgment and Stay of Proceedings (Dkt. 19) is DENIED. The failure to file a response to a motion is not a sufficient basis for a default judgment or a stay of the proceedings.

4. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and the Petition (Dkt. 3) is DISMISSED with prejudice.

5. Petitioner's Motion for Leave to File Motion Reply Contesting Misrepresented Facts (Dkt. 20) is DENIED AS MOOT.

6. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

**MEMORANDUM DECISION AND ORDER - 16**

Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 16, 2016

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 17